IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00108-PAB-KLM

ARCTIC ENERGY SERVICES, LLC,

    Plaintiff,

v.

DUSTIN NEAL,
DUSTIN AILPORT, and
WATER WAY SOLUTIONS, LLC,

    Defendants.

# ORDER

This matter is before the Court on Arctic Energy Services, LLC's Motion for Reconsideration of the Court's Denial of its Motion for a Preliminary Injunction [Docket No. 96]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

Plaintiff filed this lawsuit on January 12, 2018, asserting claims for misappropriation of trade secrets under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.*, and the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-101 *et seq.*; civil theft; conversion; breach of the duty of loyalty; aiding and abetting breaches of fiduciary duties; violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*; intentional interference with prospective contractual relations; conspiracy; and preliminary and permanent injunctive relief. Docket No. 1. On January 19, 2018, plaintiff moved for a preliminary injunction based on its misappropriation of trade secrets claims. Docket No. 11. After a full day evidentiary hearing on February

20, 2018, Docket No. 44, the Court granted plaintiff's request for relief and preliminarily enjoined defendants from "deleting, destroying, erasing, or otherwise making unavailable . . . any business information of plaintiff"; "using, disclosing, or otherwise making publicly available for any purpose confidential information . . . obtained as a result of Mr. Ailport's and Mr. Neal's employment with plaintiff"; or "soliciting any current client of plaintiff through the use of [plaintiff's] confidential information." Docket No. 45 at 8-9.

On March 14, 2018, plaintiff filed an amended complaint adding claims for breach of contract against defendant Dustin Ailport based on employment agreements introduced at the February 20, 2018 preliminary injunction hearing. Docket No. 51. On March 28, 2018, plaintiff filed a second motion for a preliminary injunction predicated on the newly-asserted breach of contract claims. Docket No. 57. On June 28, 2018, the Court denied plaintiff's motion, finding that plaintiff had not shown good cause for failing to raise its breach of contract claims at the earlier evidentiary hearing. *See* Docket No. 90 at 6.[1]

Plaintiff now moves for reconsideration of the Court's June 28 order denying its request for preliminary injunctive relief. Docket No. 96. The Federal Rules of Civil

---

[1] Although the Court's order stated that "plaintiff ha[d] not shown good cause for failing to raise its breach of contract arguments at the February 20, 2018 preliminary injunction hearing," Docket No. 90 at 6, the Court clarifies that plaintiff could not have raised its breach of contract arguments at the hearing without first amending its complaint and preliminary injunction motion to include the breach of contract claims. The real issue – and the basis for the Court's denial of plaintiff's second preliminary injunction motion – was that plaintiff failed to seek a continuance of the hearing in order to consolidate its requests for injunctive relief. *See* Docket No. 90 at 6 (noting that "[n]othing prevented plaintiff from moving to continue the preliminary injunction hearing and to amend its complaint based on the newly-discovered employment agreements").

Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). In determining whether to grant a motion for reconsideration, courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff asserts two arguments in support of reconsideration. First, plaintiff contends that the Court overlooked controlling law by denying its preliminary injunction motion "based solely on a finding that Arctic lacked good cause for its delay in bringing the motion." Docket No. 96 at 8. Plaintiff cites cases holding that delay in filing a preliminary injunction motion is not dispositive of the irreparable harm analysis. *See, e.g., Fish v. Kobach*, 840 F.3d 710, 753 (10th Cir. 2016) (noting that, although "delay in seeking preliminary relief cuts against finding irreparable injury[,] . . . . delay is only one factor to be considered among others"); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1211 (10th Cir. 2009) ("[D]elay is but one factor in the irreparable harm analysis . . . ."). The Court, however, did not make any finding that plaintiff's delay in filing its second preliminary injunction motion "defeat[ed] a finding of irreparable harm as a matter of law." *RoDa Drilling Co.*, 552 F.3d at 1211 n.4. The Court based its denial of plaintiff's

3

request for preliminary injunctive relief not on an analysis of the preliminary injunction factors, but on its inherent authority to manage its docket and promote the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1888-89 (2016) (noting district court's "inherent power" to "manage its docket and courtroom with a view toward the efficient and expedient resolution of cases"). Accordingly, the cases cited by plaintiff are inapposite.[2]

Plaintiff also argues that nothing required it to move to continue the preliminary injunction hearing and amend its complaint based on the newly-discovered employment agreements. Docket No. 96 at 10. However, plaintiff does not identify any new evidence or legal authority demonstrating that the Court's exercise of its inherent powers was clearly in error. In fact, plaintiff concedes, consistent with the Court's prior ruling, that "nothing prevented plaintiff from moving to continue the preliminary injunction hearing." *Id.*[3]

For the foregoing reasons, plaintiff has failed to demonstrate that reconsideration of the Court's June 28, 2018 denial of plaintiff's request for preliminary injunctive relief

---

[2] *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842 (Fed. Cir. 2008), is likewise inapplicable. Although the court held that the district court had abused its discretion by denying a preliminary injunction without considering the required factors, *see id.* at 847, the case did not involve successive motions for injunctive relief.

[3] Plaintiff notes that, at the February 20, 2018 evidentiary hearing, "the parties and the Court correctly agreed that Arctic was not permitted to seek preliminary injunctive relief based upon" its contract claims. Docket No. 96 at 11. As explained in footnote 1, however, the Court's denial of plaintiff's preliminary injunction motion was not predicated on plaintiff's failure to raise its breach of contract arguments at the February 20 hearing.

4

is warranted.  It is therefore

**ORDERED** that Arctic Energy Services, LLC's Motion for Reconsideration of the Court's Denial of its Motion for a Preliminary Injunction [Docket No. 96] is **DENIED**.

DATED August 14, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge